**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERTO MEDINA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-CV-02816-O** |
| | § | |
| **DAVID E. CONSTABLE, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Before the Court is the Joint Motion to Stay (ECF No. 22) in this consolidated action ("Consolidated Derivative Action") filed by Plaintiffs Roberto Medina ("Medina"), Margaret Pedalino ("Pedalino"), John Grant ("Grant"), and Philip Carico ("Carico") (collectively, "Plaintiffs"), Defendants David E. Constable, James R. Breuer, John C. Regan, Joseph L, Brennan, Alan M. Bennett, Rosemary T. Berkery, Charles Blankenship, Jr., H. Paulett Eberhart, Lisa Glatch, James T. Hackett, Thomas C. Leppert, Teri P. McClure, Armando J. Olivera, and Matthew K. Rose (collectively, the "Individual Defendants"), and Nominal Defendant Fluor Corporation ("Fluor") (together, "Defendants").

Having considered Plaintiffs and Defendants' (collectively, the "Parties") Joint Motion to Stay and the Parties' stipulation, the Court hereby **GRANTS** the agreed motion. It therefore **ORDERED** that:

All proceedings in the Consolidated Derivative Action are hereby stayed until the defendants' motion to dismiss in *Maglione v. Fluor Corp., et al.*, Case No. 3:25-cv-2496 (N.D. Tex.) (the "Securities Class Action") is (i) granted with prejudice and has been affirmed or the

time to appeal has expired; (ii) granted without prejudice and the Securities Class Action plaintiffs have not amended within the period allowed; or (iii) denied in full or in part.

Within fourteen (14) days after one of the events identified in the paragraph above, the Parties shall meet and confer and submit to the Court a proposed scheduling order governing further proceedings in the Consolidated Derivative Action, including a deadline for the filing of a consolidated complaint (or amended consolidated complaint if Plaintiffs filed a consolidated complaint during the stay), or designation of an operative complaint in the Consolidated Derivative Action and a deadline for Defendants to respond to the consolidated complaint, amended consolidated complaint, or operative complaint in the Consolidated Derivative Action.

All deadlines and hearings in the Consolidated Derivative Action are hereby **STAYED and the Clerk shall administratively close it**. Defendants shall promptly notify Plaintiffs upon becoming aware of any related derivative actions, in any forum, that concern the same or similar subject matter as the complaints in the Consolidated Derivative Action (a "Related Derivative Action"). Defendants shall promptly notify Plaintiffs if a Related Derivative Action is not stayed for a similar or longer duration than the Consolidated Derivative Action. If any Related Derivative Action is not stayed for at least the same duration and under similar terms as the Consolidated Derivative Action, the Parties may file a motion to lift the stay.

If Plaintiffs are not included in a mediation in a Related Derivative Action, Defendants agree to engage in a mediation or settlement negotiations with Plaintiffs at approximately the same time. Notwithstanding the stay of this Consolidated Derivative Action, Plaintiffs may file an amended complaint, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to any complaint in the Consolidated Derivative Action during the pendency of this stay. The Parties shall meet and confer regarding consolidation of any shareholder derivative action

filed in, removed to, or transferred to this Court that any Party determines is related to this action and an application for consolidation of such a shareholder derivative action may be made by any Party, and may be ruled on, notwithstanding the stay.

**SO ORDERED** on this **31st day** of **March, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE